Citation Nr: 1456916 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 13-03 311A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to an evaluation in excess of 40 percent for degenerative joint disease of the thoracic spine.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

A. Solomon, Associate Counsel

INTRODUCTION

The Veteran served on active duty from October 1972 to March 1996.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama.

A hearing was held on September 12, 2014, by means of video conferencing equipment with the appellant in Montgomery, Alabama, before Kathleen K. Gallagher, a Veterans Law Judge, sitting in Washington, DC, who was designated by the Chairman to conduct the hearing pursuant to 38 U.S.C.A. § 7107(c), (e)(2) and who is rendering the determination in this case. A transcript of the hearing testimony is in the claims file. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Reasons for remand: To provide the Veteran with adequate VA examination and to procure outstanding private treatment records.

The Veteran was provided with a VA examination to ascertain the severity of his thoracic spine disability in August 2009. At that time, the examiner conducted active and passive range of motion testing, and documented the results in the examination report. There is not, however, any discussion of whether the Veteran experienced additional functional limitation during flare-ups or with repetitive use.

In evaluating disability of the joints, the AOJ must analyze evidence of pain, weakened movement, excess fatigability, or incoordination and determine the level of associated functional loss in light of 38 C.F.R. § 4.40, which requires VA to regard as "seriously disabled" any part of the musculoskeletal system that becomes painful on use. DeLuca v. Brown, 8 Vet. App. 202 (1995). The provisions of 38 C.F.R. § 4.14 (avoidance of pyramiding) do not forbid consideration of a higher rating based on greater limitation of motion due to pain on use, including during flare-ups. The Court of Appeals for Veterans Claims (Court) has held that, in order to adequately portray the functional loss of musculoskeletal disabilities, examination reports must not only "express an opinion on whether pain could significantly limit functional ability during flare ups," but should also, if feasible, express any resultant loss in range of motion in terms of degrees of additional range of motion loss. DeLuca v. Brown, 8 Vet. App. 202, 206 (1995). 

Additionally, the Board notes that since the August 2009 examination, the Veteran has reported an increase of pain and discomfort in his back. At the September 2014 Board hearing, the Veteran stated that he has problems with walking, bending and stooping, and standing for a period of time. He also testified that he has had to take sick leave and remain in bed due to episodes of exacerbation of his back pain. 

The Court has held that a Veteran is entitled to a new VA examination where there is evidence that the disability has worsened since the last VA examination. See Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994). The Court has also held that VA's statutory duty to assist the Veteran includes the duty to conduct a thorough and contemporaneous examination so that the evaluation of the claimed disability will be a fully informed one. See Green v. Derwinski, 1 Vet. App. 121, 124 (1991). 

On remand, the Veteran should be provided with additional VA examination to determine the current severity of his service-connected thoracic spine disability. The examination must include findings regarding any additional functional impairment resulting from flare-ups or repetitive use.

Finally, at the September 2014 Board hearing, the Veteran indicated that treatment records pertaining to his back, from both "Sports Med" and the "Fox Medical Center," are not of record. The claims file does not appear to contain any treatment records from Sports Med, and the most recent treatment record from Fox Army Community Hospital is from July 2011. At the hearing, the Veteran testified that he continues to receive treatment for his back on a quarterly or monthly basis. VA has a duty to make reasonable efforts to obtain relevant private treatment records on behalf of the Veteran. Since a complete set of treatment records is relevant to the claim, these private records should be obtained, pending any necessary release from the Veteran. 38 C.F.R. § 3.159(c)(1) (2014). 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Ask the Veteran to identify and provide a release form for records of private treatment relating to his thoracic spine disability, to include records of treatment from "Sports Med" and records from July 2011 to the present from Fox Army Community Hospital. After securing the Veteran's written authorization, obtain the private records identified. If any records cannot be obtained after reasonable efforts have been made, notify the Veteran of the attempts made and allow him the opportunity to obtain the records. 

2. Thereafter, arrange for the Veteran to undergo a VA joints examination with an appropriate medical professional to determine the current severity and manifestations of his service-connected degenerative joint disease of the thoracic spine. All indicated studies, including range of motion studies using a goniometer, must be conducted, and all findings must be reported in detail. The claims file should be made available and reviewed by the examiner in conjunction with conducting the examination. The examiner must specifically note on the VA examination report whether the Veteran's VA claims file, to include a copy of this remand, and any 
electronic records, were reviewed in connection with this examination. 

a. The examiner must conduct full range of motion studies of the thoracolumbar spine and document findings in terms of degrees. If there is clinical evidence of pain on motion, the examiner must indicate the specific degree of motion at which such pain begins.

b. The examiner must then provide specific findings as to the range of motion of the thoracolumbar spine after three repetitions of movement, and state whether there is additional functional impairment due to pain, weakness, excess fatigability, and/or incoordination. Any additional loss of range of motion upon repetitive motion testing should be noted in terms of degrees of motion lost as well as additional symptomatology which results, if possible. If such information cannot be feasibly determined, the examiner must explain why this information cannot be provided.

c. Then, after reviewing the Veteran's complaints and medical history, and requesting further detail from the Veteran, if necessary, provide an opinion regarding whether there is additional functional impairment due to pain, weakness, excess fatigability, and/or incoordination during flare-ups. The Veteran's reports of the effects, frequency and duration of flare-ups should be recorded with as much specificity as possible. Any additional loss of range of motion of the Veteran's back during flare-ups should be noted in terms of degrees of motion lost as well as additional symptomatology which results, to the extent possible. If such information cannot be feasibly determined, the examiner must explain why this information cannot be provided.

d. The examiner should also state whether the Veteran has any neurologic abnormalities present, including but not limited to any bowel or bladder impairment or radicular pain, which are related to his lumbar or thoracic disabilities. For any such neurologic abnormality, the examiner should address the following:

i. To the extent feasible, identify which neurologic abnormalities are attributable to the lumbar versus the thoracic spine disability. 

ii. For any neurologic abnormality for which such differentiation cannot be made with a 50 percent or greater degree of certainty, the examiner must so state.

The examiner must include in the examination report the rationale for any opinion expressed. However, if the examiner cannot respond to the inquiry without resort to speculation, he or she should so state, and further explain why it is not feasible to provide a medical opinion.

3. Thereafter, review the requested medical opinion to ensure responsiveness to, and compliance with, the directives of this remand and implement corrective procedures as needed. 

4. After completing the aforementioned directives, and conducting any further development deemed necessary, readjudicate the claim for an evaluation in excess of 40 percent for degenerative joint disease of the thoracic spine, in light of all additional evidence received. If the benefits sought on appeal are not granted, the Veteran and his representative should be furnished with a supplemental statement of the case and afforded an opportunity to respond before the file is returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).